## CIRCUIT COURT OF CHESTERFIELD COUNTY

Lyndall C. Dunning et al.

v.

Board of Supervisors et al.

September 26, 1984

Case No. (Chancery) 10377-82

By JUDGE ERNEST P. GATES

I deny [the] motion for disqualification and for a new trial in the above cases. I decline to disqualify myself in these cases.

Upon receiving [the] motion for disqualification, I determined to use the resources available to Circuit Judges for research. So that the public and the parties to these proceedings would know that my decision was based on a dispassionate and objective analysis, I requested the Court Legal Research Assistance Project to research the issues and facts of this case.

[It was] indicated in [the] letter of July 12, 1984, that [there] was not and still is not [any] intention to call in to question the court's integrity and that [the plaintiff] felt compelled to call to the court's attention facts which [he] believes might cause the court's impartiality to be questioned.

This case was first assigned to me by Chief Judge D. W. Murphey on November 24, 1982, and my first order was entered on March 10, 1983. The option for the sale of our property, which precipitated the application for rezoning, was dated June 28, 1983. The long and protracted

trial of this case was preceded by lengthy and exhaustive pre-trial procedures with numerous hearings before the court. When I decided these cases I had no thought or concern that my decision would benefit me in any way if I made a decision favorable to the Board of Supervisors. The thought of such never entered my mind. To have done so would have impugned the integrity of the legislative process of the Board of Supervisors and insulted their integrity.

A spurious or loosely based charge of partiality should not be considered as a basis for disqualification, *Mavis* v. *Commercial Carriers, Inc.*, 408 F. Supp. 55 (1975). In deciding whether to disqualify myself or not, I must be alert to avoid the possibility that those who would question my impartiality might be doing so to avoid the consequences of my adverse decision.

The plaintiffs allege in their motion for disqualification that an appearance of partiality is created by the hearing of an appeal of a zoning decision made by the Board of Supervisors while the judge's optionee has a rezoning application being considered by the County. Evidently, the plaintiffs believe that a reasonable person would believe that the judge would be more favorably disposed to rule in favor of the Board of Supervisors because:

(1) The optionee's request for rezoning will eventually end up before the Board of Supervisors, assuming the optionee does not withdraw the application.

(2) The Board of Supervisors will be favorably disposed towards the optionee because of the judge's favorable treatment of the Board's decision in the present action.

(3) The Board of Supervisors, by taking favorable action on the optionee's request, will cause the optionee to purchase the judge's property and therefore;

(4) A pecuniary benefit will accrue to the judge as a result of his decision in this particular action by the optionee deciding to purchase the judge's house.

## QUESTIONS PRESENTED

1. *Should a judge disqualify himself as having an interest in a case under Va. Sup. Ct. R. Part 6, Sect. III (Canons of Judicial Conduct), Canon 3C(1) (1984), when a governmental unit is a party to the case at the same time that an optionee of the judge's property has a similar matter pending before an arm of that governmental unit?*

2. *Is the motion to disqualify timely made?*

In Virginia, the decision of whether disqualification should occur is left to the discretion of the judge, *Taylor* v. *Taylor*, 185 Va. 126, 37 S.E.2d 886 (1946), *Stockton* v. *Commonwealth*, 227 Va. 124, 141 (1984).

Virginia Canon 3C(1) of the Code of Judicial Conduct differs substantially from the ABA version, which is also the basis of 28 U.S.C.A. § 455. The ABA version specifies that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned and lists instances which require disqualification, but does not limit the disqualification to those instances. Virginia Canons recite: "A judge shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned." Then it adds: "To this end, he should abstain from performing or taking part in any judicial act in which his personal interests are involved. He should not act in a controversy where a near relative is a party. He should not suffer his conduct to justify the impression that any person can improperly influence him or unduly enjoy his favor, or that he is affected by his kinship, rank, position or influence of any party or other person."

The federal statutory provision developed from the ABA Code as 28 U.S.C.A. Section 455 separates the instances from the general provision.

Two possible interpretations may be placed on Canon 3C(1). A narrow interpretation could be derived from the broad opening language of 3C(1) which is followed by the narrow language in the second sentence acting as a limitation on the general words of the opening sentence. This interpretation is based on the assumption that personal interest, which is undefined in Virginia Canons, follows a more traditional definition, not the broader definition of the original ABA Code and the Federal

Disqualification Section, § 455. A broad interpretation would reach any personal interest direct or indirect. Obviously, under the narrow interpretation, no direct pecuniary interest of the judge is involved in this case and is not a basis for disqualification.

I believe the broader approach should be the standard. Then the question is do the facts support disqualification? I should disqualify myself when a reasonable person, knowing all the circumstances might question the judge's impartiality in this particular case, *U. S. v. Miranne*, 688 F.2d 980 (5th Cir. 1982). Under this approach, not all interests alleged by parties are sufficient to disqualify the judge. This requires for the judge to analyze all the factors bearing upon disqualification and to determine whether the interests are too remote to be disqualified. "In non-party cases (*i.e.* indirect interests), the test of disqualification is whether the interest is immediate or remote. The interest must be real, certain, direct, proximate, inherent in the instant event, and affected by the direct outcome of the particular case," J. Frank, *Commentary on Disqualification of Judges - Canon 3C*, 1972 Utah L. Rev. 377. It has been suggested that the more attenuated an indirect interest is, the more substantial the interest has to be to require disqualification, Note, *Disqualification*, 86 Harv. L. Rev. at 753. The judge should only disqualify himself when, considering all of the circumstances, there are sufficient facts to create an appearance of partiality. Interests which are indirect and remote, contingent, or tangential shall not be grounds for disqualification. The judge should evaluate all factors and then apply the reasonable person standard. In applying this test I find that the facts are so far-fetched indicating that there is an appearance of impartiality that they are ludicrous.

There is no assurance that the optionee will exercise its option to purchase our home if the rezoning is granted. There may or may not be a pecuniary benefit to us if the optionee decides to purchase our home. The value of the property is the same with or without the present zoning application. The property adjacent to our 5.5 acres was previously rezoned for business use and an office complex under a planned unit development rezoning. Our option is with S. L. Nusbaum & Company, Inc., and Willis P. Blackwood, and not with Pioneer Federal Services, Inc., as related in [the] letter. The optionee may withdraw

his request for rezoning prior to the expiration of the option extension. The only participation by me in the proceedings has been as required by the option agreement. These indirect interests are so remote, contingent and tangential that they are not grounds for disqualification.

Because of my ruling against disqualification, it is not necessary to rule on whether the motion for disqualification is timely.

By copy of this letter to the attorneys for the defendants, I am requesting that they prepare the proper order overruling [the] motion for disqualification and a new trial and to present an order in accordance with my prior decisions in these cases.